IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION

| | | |
|---|---|---|
| JENNIFER HERNANDEZ and MANUEL MALDONADO, on their own behalf and on behalf of all others similarly situated, | : | |
| | : | No. ____________ |
| Plaintiffs, | : | |
| v. | : | |
| ALLY BANK, | : | |
| Defendant. | : | |

**NOTICE OF REMOVAL**

Defendant Ally Bank ("Ally") hereby gives notice of the removal of the above-captioned matter, currently pending in the Circuit Court for Montgomery County, Maryland, Civil Action No. 428885V, to the United States District Court for the District of Maryland, Greenbelt Division. Removal is based on 28 U.S.C. §§ 1332, 1441 and 1446, as amended in relevant part by the Class Action Fairness Act of 2005 ("CAFA"), and authorized by 28 U.S.C. § 1453.

As grounds for this removal, Ally states:

**BACKGROUND AND PROCEDURAL HISTORY**

1. On January 5, 2017, Plaintiffs Jennifer Hernandez and Manuel Maldonado ("Plaintiffs"), on behalf of themselves and purportedly on behalf of others similarly situated, filed a Class Action Complaint (the "Complaint") in the Circuit Court for Montgomery County, Maryland, Civil Action No. 42885V (the "State Court Action"). A true and correct copy of the Complaint is attached hereto as Exhibit 1.

2. Plaintiffs allege that, on or about December 28, 2013, they purchased a new Chevrolet Malibu (the "Vehicle") from a Maryland motor vehicle dealer, through a Retail Installment Sales Contract (the "RISC"). They allege that the RISC affirmatively elects to be governed by Maryland's Credit Grantor Closed End Credit Law ("CLEC"), Subtitle 10 of Title 12 of the Maryland's Commercial Law.

3. Plaintiffs allege that the transaction "include[d] the purchase of an 'Optional GAP Contract' [the "GAP Agreement"] for $595.00." (Complaint ¶¶ 11-13). Plaintiffs further allege that the GAP Agreement is unlawful under Maryland law because it allegedly contained unlawful exclusions and is "not [a] debt cancellation agreement that may be financed under Maryland's credit statutes," *i.e*. CLEC. (*Id.* ¶¶ 14-15).

4. Plaintiffs allege that the RISC, including the GAP Agreement, were assigned to Ally. (*Id*. ¶ 16).

5. Plaintiffs allegedly suffered a total loss of the Vehicle on or about March 9, 2016. (*Id*. ¶ 17). Plaintiffs aver that, pursuant to the GAP Agreement, they requested cancellation of the amount remaining due under the RISC after application of the insurance proceeds they received, and that such request "was denied." (*Id*. ¶ 19). Plaintiffs aver that the alleged refusal to cancel the remaining more than $7,000 due under the RISC, and Ally's subsequent alleged demand for payment of the same, is unlawful under Maryland law. (*Id*. ¶ 20).

6. Based on the above allegations, Plaintiffs assert claims against Ally for alleged violations of Maryland's CLEC, Md. Code. Ann. Com. Law § 12-1005 (Count I), and Maryland's Unfair and Deceptive Trade Practices Act ("UDAP"), Md. Code Ann.,

Com. Law §§ 13-101, *et seq*. (Count II), as well as for breach of contract (Count (III), declaratory and injunctive relief (Count IV), and restitution/unjust enrichment (Count V).

7. Plaintiffs purport to assert the above claims on their own behalf and on behalf of the following putative class:

> All consumers who entered into a transaction with a vehicle seller which is a citizen of the state of Maryland, and where at least one of the purchasers is a citizen of the state of Maryland, where the vehicle sales contract elects CLEC and includes a charge for the cost of a debt cancellation agreement which does not comply with CLEC, and where the vehicle sales contract was assigned to Ally/GMAC.

(*Id*. ¶ 29).

8. The Complaint seeks a variety of forms of relief, including (a) a declaration that Ally may not collect any interest, fees, costs or other non-principal charges from Plaintiffs and members of the putative class; (b) preliminary and permanent injunctive relief prohibiting Ally from collecting the foregoing fees, costs and charges; (c) payment to the Plaintiffs and putative members of the class of "the amount of all sums paid by Named Plaintiffs and members of the Class toward phony debt cancellation agreements not eligible for financing under CLEC;" (d) statutory and civil penalties imposed by CLEC in the amount of "all sums paid by Named Plaintiffs and the members of the Class as interest, costs, fees or other non-principal charges, trebled;" (e) compensatory damages; and (f) interest and attorney's fees. (Complaint at WHEREFORE clause).

9. Attached hereto as Exhibit 2 are copies of "all process, pleadings, and other orders served upon" Ally in the State Court Action, including the docket and Affidavit of Service. Exhibits 1 and 2 constitute all of the process, pleadings, and orders served in this case and are attached hereto pursuant to 28 U.S.C. § 1446(a).

## PARTIES

10. Plaintiffs are citizens of the State of Maryland. (Complaint ¶ 7).

11. Ally is a Utah corporation with its principal place of business in Utah. (Complaint ¶ 8).

## TIMELINESS OF REMOVAL

12. Plaintiffs filed their Complaint on January 5, 2017.

13. Ally was served with the Complaint on January 26, 2017. *See* Exhibit 2.

14. Thus, this Notice of Removal is timely because it was filed within thirty (30) days of the date on which Ally was served with the Complaint. *See* 28 U.S.C. § 1446(b).

## REMOVAL UNDER THE CLASS ACTION FAIRNESS ACT

15. Removal to this Court is proper pursuant to CAFA because (i) the action was filed as a class action under Maryland law, (ii) there is requisite diversity between Plaintiffs and Ally, (iii) there are more than 100 putative class members, and (iv) the amount in controversy, based on the relief sought for the putative class, exceeds $5,000,000 in the aggregate.

16. This Court Has Jurisdiction. Pursuant to 28 U.S.C. § 1332, as amended by CAFA, a putative "class action" commenced after the effective date of CAFA may be removed to the appropriate United States District Court if (a) any member of the putative class is a citizen of a state different from any defendant; and (b) the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2)(A). Complete diversity among parties is not required, and consent of other defendants – if any – is not required.

17. CAFA is applicable to the State Court Action because the State Court Action was commenced after the effective date of CAFA. Notes to 28 U.S.C. §§ 1332 & 1453 ("The amendments made by this Act shall apply to any civil action commenced on or after the date of the enactment of this Act," – *i.e*. February 18, 2005).

18. The State Court Action is a "class action" within the meaning of CAFA because it is a "civil action filed under" Maryland Rule 2-231, Maryland's analog to Fed. R. Civ. P. 23 and a "rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. §§ 1332(d)(1)(B), 1453(a).

19. Citizenship Of Parties. The requisite diversity of citizenship exists under 28 U.S.C. §§ 1332(d)(2) and (d)(7). Ally is a Utah corporation with its principal place of business in Utah. As such, it is deemed to be a citizen of Utah for purposes of 28 U.S.C. § 1332. By contrast, Plaintiffs are citizens of Maryland, and seek to represent a class of Maryland residents. (Complaint ¶¶ 7, 29; *see also* Exhibit 2). Thus, Ally is a citizen of a state different from at least one putative class member, as required by CAFA.

20. Amount In Controversy. There is more than $5 million in controversy in this action. Under 28 U.S.C. § 1332(d), as added by CAFA, the amount in controversy in a putative class action is determined by aggregating the amount at issue in the claims of all members of the putative class. 28 U.S.C. § 1332(d)(6). While Ally denies that Plaintiffs or any putative class member are entitled to the relief in the various forms and amounts sought, the Complaint's allegation of a putative class and the relief sought place an aggregate amount in controversy of more than $5,000,000.00, exclusive of interest and costs.

21. Plaintiffs seek to certify a class of Maryland residents who entered into transactions to purchase vehicles with Maryland vehicle sellers "where the sales contract elects CLEC and includes a charge for the cost of a debt cancellation agreement which does not comply with CLEC, and where the vehicle sales contract was assigned to" Ally. (Complaint ¶ 29).

22. The aggregate amount in controversy is satisfied here. Based on Ally's investigation, more than $5,000,000 is in controversy in this case. Ally researched the number of putative class members based on the total number of non-commercial, non-"flat cancel" retail installment contracts with Maryland residents, containing a GAP charge, where the contract was assigned to Ally, from January 2013 to the present.[1] Based on Ally's investigation, the total number contracts meeting the above criteria exceeds 100 and the total amounts attributed to the GAP charges contained in such contracts exceeds $5,000,000. The total interest, fees, costs and non-principal amounts with respect to those contracts exceeds $5 million. As Plaintiffs here seek (i) declaratory and injunctive relief prohibiting Ally from collecting "interest, fees, costs or other non-principal charges" from Plaintiffs and members of the putative class; (ii) "payment to Named Plaintiffs and members of the Class of the amount of all sums paid by Named Plaintiffs and members of the Class toward phony debt cancellation agreements not eligible for financing under CLEC;" and (iii) "statutory civil penalties imposed by CLEC," consisting of "all sums paid by Named Plaintiffs and members of the Class as interest, costs, fees or other non-principal

---

[1] "Non-commercial" contracts were those sold to consumers who were not coded as a commercial or business account. If such accounts were subject to CLEC and included in the putative class here (which Ally disputes), the aggregate amount in controversy would be even higher. Non-"flat cancel" agreements refer to refer to agreements that were not cancelled and recalled by the dealership.

charges, **trebled**" – the amount in controversy here is, plainly, far in excess of CAFA's $5 million threshold requirement. (Complaint ¶ 25, WHEREFORE clause).

23. The action also satisfies CAFA's numerosity requirement of 28 U.S.C. § 1332(d)(5)(B), requiring a minimum of 100 putative class members. As set forth above, the number of members of the putative class exceeds 100.

24. Finally, the putative class also seeks costs and attorney's fees. (Complaint at WHEREFORE clause). Under Maryland's UDAP, a prevailing plaintiff is entitled to an award of reasonable attorney's fees. *See* Md. Code, Comm. Law § 13-408(b). This additional amount may also be considered as part of CAFA's "amount in controversy" requirement.

25. From all of the foregoing, it is clear that the amount in controversy here is well in excess of CAFA's "amount in controversy" requirement.[2]

**<u>SUPPLEMENTAL JURISDICTION</u>**

26. To the extent not otherwise provided in this Notice, supplemental jurisdiction exists as to all other plaintiffs set forth in the Complaint pursuant to 28 U.S.C. § 1446(a).

**<u>PROCEDURAL REQUIREMENTS AND LOCAL RULES</u>**

27. This Court is part of the "district and division" embracing the place where this action was filed – Montgomery County, Maryland. *See* 28 U.S.C. § 1446(a).

28. A copy of this Notice of Removal is being filed with the Clerk of the Circuit Court for Montgomery County, Maryland. *See* 28 U.S.C. § 1446(d).

---

[2] Ally reserves the right to contest every aspect of Plaintiffs' case, including the calculation and amount of damages sought by Plaintiffs.

29. Defendant Ally has served a copy of this Notice of Removal upon the attorney of record for Plaintiffs in the State Court Action, by mailing the same to them via U.S. mail, postage prepaid, at the addresses listed below. *See* 28 U.S.C. § 1446(d).

30. By removing this action, Ally does not waive and hereby expressly reserves any and all defenses, objections, motions and counterclaims available to it under law.

WHEREFORE, Defendant Ally Bank requests that this Court take jurisdiction of this action and issue any and all orders and process necessary to remove this action.

Dated: February 23, 2017

Respectfully submitted,

/s/ *Charles S. Hirsch*
Charles S. Hirsch
Fed. Bar No. 06605
hirsch@ballardspahr.com
BALLARD SPAHR LLP
300 East Lombard Street
18th Floor
Baltimore, MD 21202-3268
Telephone: 410.528.5600
Facsimile: 410.528.5650

*Counsel for Defendant Ally Bank*

OF COUNSEL:

Martin C. Bryce, Jr.
PA Bar No. 59409
bryce@ballardspahr.com
Courtney L. Yeakel
PA Bar No. 72139
yeakelc@ballardspahr.com
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
Telephone: (215) 665-8500
Facsimile: (215) 864-8999

**CERTIFICATE OF SERVICE**

I hereby certify that on February 23, 2017, I caused a true and correct copy of the foregoing to be served by postage pre-paid, first class U.S. Mail, upon:

Benjamin H. Carney
Gordon, Wolf & Carney, CHTD
102 W. Pennsylvania Avenue, Suite 402
Towson, MD 21204

Dated: February 23, 2017

*/s/ Charles S. Hirsch*
Charles S. Hirsch