

**Benjamin H. Carney**
bcarney@GWCfirm.com

November 6, 2017

**By CM/ECF**
Hon. Theodore D. Chuang
United States District Judge
U.S. District Court for the District of Maryland
6500 Cherrywood Lane
Greenbelt, Maryland 20770

      Re:    *Hernandez v. Ally Bank*, Case No. 8:17-cv-00491-TDC
              Notice of Intent to File Motion for Class Certification

Dear Judge Chuang:

      I am counsel for the Plaintiffs, Jennifer Hernandez and Manuel Maldonado, in the above-referenced case. This letter is filed pursuant to this Court's February 24, 2017 Case Management Order (ECF#11) and this Court's April 21, 2017 Scheduling Order (ECF#23), to provide notice of Plaintiff's intent to file a motion for class certification pursuant to Fed. R. Civ. P. 23.

**Factual Background**

      Plaintiffs are consumers who purchased a debt cancellation agreement, or "GAP" Agreement, when they purchased and financed a vehicle from a Maryland vehicle dealer. *See* Amended Complaint (ECF#16) (Am. Compl.) at, *e.g.*, ¶¶ 1, 9. That financing agreement – along with the debt cancellation agreement – was then purchased by, and assigned to, Defendant Ally Bank ("Ally"). *See id.* at ¶ 14. The Maryland law that was elected in the financing agreement – Maryland's Credit Grantor Closed End Credit Provisions, Md. Code Ann. Com. Law § 12-1001 *et seq.* ("CLEC"), "requires a debt cancellation agreement to cancel 'the remaining loan balance' minus 'the proceeds of any insurance maintained.'" *Decohen v. Capital One, N.A.*, 703 F.3d 216, 220 (4th Cir. 2012) (quoting Md.Code Ann., Com. Law § 12–1001(h)). When Ms. Hernandez and Mr. Maldonado suffered a total loss of their vehicle, however, Ally Bank declined to cancel the remaining loan balance, minus the proceeds of the insurance they maintained. *See id.* at ¶ 17. Instead, Ally demanded that Plaintiffs pay the remaining loan balance, after the application of insurance proceeds, of more than $7,000.00. *See id.*

      As a result of Ally's failure to cancel the remaining loan balance, Plaintiffs filed this case as a putative class action case in the Circuit Court for Montgomery County, Maryland on January 5, 2017, asserting claims arising solely under Maryland law – under CLEC, under Maryland's Consumer Protection Act, Md. Code Ann., Com. Law § 13-101, *et seq.* ("CPA"), and for breach of contract, declaratory and injunctive relief, and restitution/unjust enrichment.

Letter to the Honorable Theodore D. Chuang
*Hernandez v. Ally Bank*, Case No. 8:17-cv-00491-TDC
November 6, 2017
Page **2** of **3**

        Ally removed the case to this Court on February 23, 2017, under the Class Action Fairness Act, 28 U.S.C. §§ 1332(d) & 1453(a), alleging that the class consisted of more than 100 persons and that more than $5 million was in controversy. *See* Notice of Removal (ECF#1).

        The parties conducted discovery dedicated to the "issues of class certification and the claims of the Named Plaintiffs," *see* ECF#23 at 1, and that discovery is now complete. *See* ECF#33 (Joint Post-Discovery Status Report).

## Class Certification Is Appropriate

        Class certification is appropriate where "the class satisfies all of the prerequisites of Rule 23(a) and the requirements of at least one of the subdivisions of Rule 23(b)." *Mitchell-Tracey v. United Gen. Title Ins. Co.*, 237 F.R.D. 551, 555 (D. Md. 2006). "In considering a motion for class certification, the court examines the criteria stated in Rule 23 only; review of the merits of the case is not appropriate." *Id.* (citing *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177–78 (1974)).

        The fact that class certification is appropriate in this case is buttressed by this Court's certification of a class – albeit in the settlement context[1] – in a case which asserted the same claims, arising from the same factual scenario, in *Decohen v. Abbasi, LLC*, 299 F.R.D. 469, 473 (D. Md. 2014). In *Decohen*, as in this case, the plaintiff purchased and financed a debt cancellation agreement in his vehicle purchase transaction, which was governed by CLEC. *Id.* at 474. In *Decohen*, as in this case, the plaintiff suffered a total loss of his vehicle, but the assignee of the financing contract declined to cancel the remaining loan balance. *See id.* As a result, in *Decohen*, as in this case, the plaintiff asserted claims arising under CLEC, the CPA, for breach of contract, for declaratory and injunctive relief, and for restitution/unjust enrichment. *Id.* at 475. This Court certified the *Decohen* class under Fed. R. Civ. P. 23(b)(3). *Id.* at 478.

        Here, as in *Decohen*, each of the Rule 23 requirements is met. There is no question that the class is so numerous that joinder is impracticable – *see* Fed. R. Civ. P. 23(a) – indeed, Ally has stipulated to numerosity. Commonality, typicality, and adequacy are also met, just as in *Decohen*:

> [t]he commonality, typicality, and adequacy inquiries "are similar and overlapping." *Stanley*[*v. Cent. Garden & Pet Corp.*, 891 F.Supp.2d 757, 770 (D.Md.2012)]. To establish commonality, the class members must "have suffered the same injury," and "their claims must depend upon a common contention." *Wal-Mart Stores, Inc. v. Dukes*, —— U.S. ——, 131 S.Ct. 2541, 2551, 180 L.Ed.2d 374 (2011) (internal quotations omitted). To show typicality, the representative plaintiff "must be part of the class and possess the same interest and suffer the same injury as the class members." *Gen.*

---

[1]     The only class certification factor which is different in the settlement context than in the adversarial class certification context is manageability - "the other Rule 23 requirements 'demand undiluted, even heightened, attention'" in the settlement context. *Decohen*, 299 F.R.D. at 476–77 (quoting *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 620 (1997)).

Letter to the Honorable Theodore D. Chuang
*Hernandez v. Ally Bank*, Case No. 8:17-cv-00491-TDC
November 6, 2017
Page **3** of **3**

> *Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 156, 102 S.Ct. 2364, 2370, 72 L.Ed.2d 740 (1982) (internal quotations omitted). Finally, representation is adequate if the representative plaintiff's interests are not opposed to the interests of the other class members, and class counsel are qualified, experienced, and able to conduct the litigation. *Stanley*, 891 F.Supp.2d at 770.
>
> Here, all members of the proposed class, including the Representative Plaintiff, signed a GAP debt cancellation agreement that used a retail car guide to determine the value of their car in the event of total loss. *See* ECF No. 77–1 at 2. This agreement was allegedly illegal in Maryland because—in many cases—it did not cancel the entire remaining loan balance after a total loss of the financed car. *See* ECF No. 2 ¶¶ 22–23, 25. …Finally, Decohen's interests are not opposed to the other class members, and class counsel have shown by their vigorous prosecution of this litigation for three and a half years that they are qualified, experienced, and able to conduct the litigation. Accordingly, the Rule 23(a) prerequisites have been met.

*Decohen*, 299 F.R.D. at 477. The same analysis applies to this case.[2]

　　Moreover, the requirements of Rule 23(b) are met. Individual adjudications of class member claims could give rise to incompatible standards of conduct for Ally. Fed. R. Civ. P. 23(b)(1). Absent a class action, courts could impose differing standards of conduct for Ally with respect to class transactions in materially the same factual and legal circumstances. Moreover, declaratory and injunctive relief is appropriate for the class as a whole. Fed. R. Civ. P. 23(b)(2). If the Court determines that Ally's treatment of the debt cancellation agreement in the Plaintiffs' transaction violates Maryland law, then declaratory relief – including a declaration that the remaining loan balance is not due – is appropriate in the transaction of the Plaintiffs as well as each Class member. Finally, issues which are common to class members predominate over any individualized issues. *See* Fed. R. Civ. P. 23(b)(3); *see also Decohen*, 299 F.R.D. at 478. The common, overriding question in each class member's transaction is whether Ally may continue pursuing class members for deficiencies purportedly remaining after a total loss in transactions which are governed by CLEC, and where the class member purchased a debt cancellation agreement. Thus, class certification is appropriate under each subsection of Fed. R. Civ. P. 23(b).

　　Accordingly, Plaintiffs intend to move for class certification. Counsel for Ally have been advised of Plaintiffs' intention to file for class certification, and Ally does not consent.

　　We thank Your Honor for the Court's continued consideration of this matter.

Respectfully,<br>
/s/<br>
Benjamin H. Carney

---

[2]　　Class Counsel in *Decohen* are also Plaintiffs' counsel in this case.